# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| GWENDOLYN LOPER | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. _____ |
| | § | |
| ZIMMER, INC., ZIMMER HOLDINGS, | § | |
| INC., ZIMMER US, INC. AND ZIMMER | § | |
| PRODUCTION, INC., | § | |
| | § | |
| | § | |
| Defendant. | § | |
| | § | |

## INDEX OF DOCUMENTS FILED IN STATE COURT

Zimmer, Inc., Zimmer Holdings, Inc., Zimmer US, Inc. and Zimmer Production, Inc., file this Index of Documents Filed in State Court:

Exhibit 1.    State Court Docket Sheet, dated July 23, 2010.

Exhibit 2.    Plaintiff's Original Petition, filed June 24, 2010.

Exhibit 3.    Overpayment Disbursement Request.

Exhibit 4.    Officer's Return of Service of Citation, Zimmer US, Inc., filed July 6, 2010.

Exhibit 5.    Officer's Return of Service of Citation, Zimmer Production, Inc., filed July 8, 2010.

Exhibit 6.    Officer's Return of Service of Citation, Zimmer Holdings, Inc., filed July 8, 2010.

Exhibit 7.    Officer's Return of Service of Citation, Zimmer, Inc., filed July 8, 2010.

Exhibit 8.    Defendant s' Original Answer to Plaintiff's Original Petition, filed July 23, 2010.

DATED:  July ___, 2010

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

By: _____
Katherine P. Lett
Texas State Bar No. 24007548
2200 Ross Avenue, Suite 2800
Dallas, TX 75201-2784
Telephone: (214) 855-8000
Facsimile: (214)855-8200
Email:  klett@fulbright.ocm

Counsel for Defendants
ZIMMER, INC., ZIMMER HOLDINGS, INC.,
ZIMMER US, INC. AND ZIMMER
PRODUCTION, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that on the ___ day of July, 2010, a copy of the foregoing

document was served on the following counsel of record by certified mail, return receipt

requested:

        Michael H. Smith
        Daniel J. Smith
        Smith & Smith
        6300 Ridglea Place, Suite 617
        Fort Worth, Texas 76116

_____
Katherine P. Lett

# EXHIBIT 1

# Civil Docket

## Discovery: 2

## 236-246337-10

Cause Of Action: DECEPTIVE TRADE PRACTICES

| Date Filed | NAMES OF PARTIES | ATTORNEYS | ORDERS OF COURT |
|---|---|---|---|
| 6/24/2010 | GWENDOLYN LOPER | SMITH, MICHAEL H<br>6300 RIDGLEA PL, STE 617<br><br>FORT WORTH, TX 76116<br>BarID: 00785005TX   Ph (817)877-5750   PLTF<br>SMITH & SMITH | |
| | vs. | | |
| | ZIMMER, INC., ET AL | | |

JURY $

FEES $

Page
By

Date of Orders

Was Steno Used?

A CERTIFIED COPY

ATTEST: ___9-23-10___

THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS

BY: _____

DEPUTY

236-246337-10

```
                    TARRANT COUNTY DISTRICT CLERK'S OFFICE      Page:    1
JIMSGTM8                ALL TRANSACTIONS FOR A CASE             Date: 07/23/2010
                                                               Time: 15:25
```

```
      Cause Number: 236-246337-10    Date Filed: 06/24/2010
   GWENDOLYN LOPER              v |     ZIMMER, INC., ET AL
                                s |
      Cause of Action: DECEPTIVE TRADE PRACTICES
      Case Status····: PENDING
```

| Filemark | Description | | Fee Total |
|---|---|---|---|
| 06/24/2010 | PLTF'S ORIGINAL PETITION & JURY DEMAND | NI | 249.00 |
| 06/24/2010 | COURT COST (PAID) trans #1 | Y | 249.00 |
| 06/24/2010 | Citation-ISSUED ON ZIMMER US INC-On 06/25/2010 | NI | 8.00 |
| 06/24/2010 | COURT COST (PAID) trans #3 | Y | 8.00 |
| 06/24/2010 | CIT Cert. Mail Sec of St-ISSUED ON ZIMMER | NI | 58.00 |
| 06/24/2010 | CIT Cert. Mail Sec of St-ISSUED ON ZIMMER | NI | 58.00 |
| 06/24/2010 | CIT Cert. Mail Sec of St-ISSUED ON ZIMMER INC-On | NI | 58.00 |
| 06/24/2010 | COURT COST (PAID) trans #7 | Y | 58.00 |
| 06/24/2010 | COURT COST (PAID) trans #6 | Y | 58.00 |
| 06/24/2010 | COURT COST (PAID) trans #5 | Y | 58.00 |
| 06/24/2010 | OVERPAYMENT | Y | 3.00 |
| 06/24/2010 | Overpayment Disbursement Request-Created on 06/24/ | I | 0.00 |
| 07/21/2010 | REFUND OVERPAYMENT Check # 37296 | Y | -3.00 |
| 07/23/2010 | DEFNS' ORIGINAL ANSWER TO PLTF'S ORIG PETITION | I | 0.00 |

Total Number Of Records Printed:    14

# EXHIBIT 2

NO. **236  246337  10**

| | | |
|---|---|---|
| GWENDOLYN LOPER, | § | IN THE DISTRICT COURT |
| Plaintiff, | § | |
| | § | |
| vs. | § | OF TARRANT COUNTY, TEXAS |
| | § | |
| ZIMMER, INC., ZIMMER HOLDINGS, INC., | § | |
| ZIMMER US, INC., and | § | |
| ZIMMER PRODUCTION, INC. | § | |
| Defendants | § | _____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

Plaintiff, Gwendolyn Loper, files this Original Petition and Jury Demand.

#### Discovery Control Plan

1.  Discovery is intended to be conducted under Level 2 of Texas Rule of Civil Procedure 190.

#### Parties

2.  Plaintiff, GWENDOLYN LOPER, is an individual who resides in Ellis County, Texas. In accordance with Tex. Civ. Prac. & Rem. Code § 30.014, which requires the disclosure of partial identification information for parties to a civil action; the last three numbers of Plaintiff's Texas Driver's License are 151, and the last 3 numbers of Plaintiff's Social Security Number are 482.

3.  ZIMMER, INC. is a corporation organized under the laws of the State of Delaware, doing business in the State of Texas, with its principal place of business in Indiana; Zimmer, Inc. does not maintain a regular business in the State of Texas and has no designated agent in this state on whom service of citation may be made in this cause. Zimmer, Inc. may be served with process by and through the Texas Secretary of State who will serve

1

Zimmer, Inc. by certified mail return receipt requested at Zimmer, Inc. 345 E. Main St., Warsaw, Indiana 46580.

4.     Defendant, ZIMMER HOLDINGS, INC. is a corporation organized under the laws of the State of Delaware doing business in the State of Texas, with its principal place of business in Indiana; Zimmer, Inc. does not maintain a regular business in the State of Texas and has no designated agent in this state on whom service of citation may be made in this cause.  Zimmer Holdings, Inc may be served with process by and through the Texas Secretary of State who will serve Zimmer Holdings, Inc. by certified mail return receipt requested to Zimmer Holdings, Inc. at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

5.     Defendant ZIMMER PRODUCTION, INC. is a corporation organized under the laws of the state of Delaware, doing business in the State of Texas, with its principal place of business in Indiana, Zimmer Production, Inc. does not maintain a regular business in the State of Texas and has no designated agent in this state on whom service of citation may be made in this cause.  Zimmer Production, Inc. may be served with process by and through the Texas Secretary of State who will serve Zimmer Production, Inc. by certified mail return receipt requested to Zimmer Production, Inc. at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

6.     Defendant, ZIMMER US, INC. is a corporation organized under the laws of the State of Delaware, doing business in the State of Texas, with its principal place of business in Indiana; and may be served with process by serving its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Ste. 620, Austin, Texas 78701-3218.

2

7.   Defendants ZIMMER INC., ZIMMER HOLDINGS, INC., ZIMMER PRODUCTION, INC., AND ZIMMER U.S., shall hereinafter, jointly and severally, be referred to as "Defendants" or "Zimmer."

### Jurisdiction

8.   The Court has jurisdiction over defendants because they have done and continue to do business in Texas and in so doing so they purposefully avail themselves to the privilege of conducting activities in Texas.   The Court has jurisdiction over the controversy because the damages are within the jurisdictional limits of the Court.

### Venue

9.   Venue is proper in Tarrant County because it is the county in which a substantial part of the events or omissions giving rise to the claims occurred. *See* TEX. CIV. PRAC. & REM. §15.002(a)(1).

### Background

10.   Defendants were, at the time of this occurrence, and are now engaged in the business of manufacturing, selling, and distributing certain products for use in hip replacement surgeries.

11.   On or about June 26, 2008 plaintiff, Gwendolyn Loper, underwent revision right total hip arthroplasty at Plaza Medical Center, Fort Worth, Texas.   Surgeon Theodore W. Crofford, M.D. performed the surgery implanting prosthetic devices designed, manufactured and marketed by Zimmer and labeled as below in the body of Plaintiff:

Device 1:   Versys ® Hip System
Femoral stem  beaded fullcoat   collared
12/14 Neck Taper  Standard Neck offset
Size: 14  LM Body

3

LOT: 07886358  EDI:00784301436  REF: 7843-14-36
Coded: +H124007843014361/1724307886358H07D
2017-08      Zimmer

Device 2:       Trilogy ® Acetabular System
                Liner      Standard
                Longevity ® Crosslinked Polyethylene
                40 MM I.D.   3.5 MM Offset
                For use with 62 MM O.D. Shell
                LOT: 60871511  EDI: 00630506240  REF 6305-62-40
                Coded: +H124006305062401/1303160871511A08F
                2013-01      Zimmer

Device 3:       Versys ® Hip System
                Femoral Head  12/14  Taper
                40 MM DIA  -3.5  MM Neck Length
                LOT 60919272   EDI:00801804001  REF: 8018-40-01
                Coded: +H124008018040011/1809060919272C088U
                2018-03      Zimmer

Device 4:       Shell   with multi holes  porous
                Trabecular Metal™ Modular Acetabular System
                62 MM
                LOT: 60912547  EDI: 00620206220    REF: 6202-62-20
                Coded: +H124006202062201/1809060912547C08Q
                2018-03    Zimmer

Device 5:       Bone Screw   Self-tapping
                6.5 MM   15 MM Length
                LOT: 60932040  EDI: 00625006515  REF: 6250-65-15
                Coded: +H124006250065151/1812060932040D08L
                2018-04  Zimmer

Device 6:       Bone Screw   self-tapping
                6.5 MM DIA  15mm Length
                LOT: 60903701  EDI: 00625006515  REF 6250-65-15
                Coded: +H124006250065151/1805960903701B08W
                2018-02      Zimmer

Device 7:       Bone Screw  Self-tapping
                6.5 MM DIA    15 MM Length
                LOT: 60932040  EDI:00625006515  REF: 6250-65-15
                Coded: +H124006250065151/1812060932040D08L
                2018-04  Zimmer

Device 8:       Bone Screw   Self-tapping

4

6.5 MM DIA  35MM Length
LOT: 60917676  EDI: 00625006535  REF: 6250-65-35
Coded: +H124006250065351/1805960917676B087
2018-02   Zimmer

12.     Following implantation of the above named components, Ms. Loper continued to experience pain at the location of the implant.  The pain radiated to her thigh, groin and buttocks.  Plaintiff's pain persisted, and plaintiff further began to experience multiple incidents which she described as feeling like the dislocation of her right hip. These incidents continued and became more frequent as time progressed.

13.     On January 12, 2009, surgeon Theodore W. Crofford, M.D. performed open reduction internal fixation of Plaintiff's greater trochanter at Plaza Medical Center of Fort Worth, Texas. The procedure repaired a nonunion of her greater trochanter which surgeon, Dr. Crofford, believed to be the source of the dislocation sensation Plaintiff had been experiencing.  Plaintiff's pain and the repeated dislocation of her hip persisted in spite of the internal fixation.

14.     On December 18, 2009 at Baylor Medical Center in Dallas surgeon Paul T, Freudigman, M.D. removed and replaced devices from the body of Gwendolyn Loper.

15.     Defendants were in the business of designing, manufacturing and selling hip prostheses.

16.     Defendants sold the hip prosthesis used in Plaintiff's replacement surgeries to Plaintiff, or to her physicians on her behalf.

17.     The hip prosthesis reached Plaintiff without substantial change from the time it left Defendant's possession and control.

## Strict Liability

For strict liability cause of action against Defendants, Plaintiff says:

5

18.   The Hip Prostheses may have contained a manufacturing, design, or marketing defect, more particularly set forth below.

*Manufacturing Defect*

19.   The Hip Prostheses may have contained a manufacturing defect. Plaintiff has been unable to conduct discovery and investigation into whether the hip prosthesis contained a manufacturing defect.

20.   The hip prostheses may have deviated, in their construction or quality, from the specifications or planned output. As more particularly set forth below, Plaintiff invokes the doctrine of res ipsa loquitur as to whether the hip prostheses contained a manufacturing defect.

*Marketing Defect*

21.   The hip prostheses contained one or more marketing defects, among others:

   (a)   there was an inherent risk in the intended or reasonably foreseeable use of the hip prostheses that it could become loose;

   (b)   Defendants knew or reasonably foresaw (or should have known or reasonably foresaw) the above risk;

   (c)   Defendants failed to warn or adequately warn Plaintiff or her physicians of the above risk, failed to instruct or adequately instruct Plaintiff or her physicians how to safely use the hip prostheses, or both.

*Design Defect*

22.   The hip prostheses contained one or more of the following design defects, among others:

   (a)   they were unreasonably dangerous for their intended purpose because they had the propensity to become loose;

   (b)   the hip prostheses were defective in that they had a high propensity of poor bone fixation to occur;

   (c)   the hip prostheses were defective in that they have a high propensity for wear and fracture of the prostheses to occur;

6

(d)   the hip prosthesis were marketed is such a way as to mislead consumers regarding their safety and efficacy;

(e)   the hip prostheses were manufactured without adequate quality controls; and,

(f)   the hip prostheses were inadequately tested to determine the cause of the high incidence of failures despite having received significant reporting of adverse events with the model

23.   A safer alternative design for the hip prostheses existed that would have prevented or significantly reduced the risk of Plaintiff's injury without substantially impairing the product's utility, and that was economically and technologically feasible at the time the hip prostheses left Defendant's control by the application of existing or reasonably achievable scientific knowledge.

### *Unreasonably Dangerous*

24.   The manufacturing and marketing defects, or any of them, rendered the hip prostheses unreasonably dangerous by making the hip prostheses dangerous to an extent beyond that which would be contemplated by the ordinary consumer with the knowledge common to the community as to its characteristics.

25.   The design defect or defects rendered the hip prostheses unreasonably dangerous as designed considering the utility of the hip prostheses and the risks involved in its use.

26.   The above defects, or any of them, were the producing causes of Plaintiff's injuries and damages as set forth below.

### Negligence

For negligence cause of action against Defendant, Plaintiff says:

27.   Defendants owed Plaintiff a duty of reasonable care.  Defendants owed Plaintiff a duty to exercise reasonable care to discover dangerous propensities of the hip prostheses.

7

Defendants owed Plaintiff a duty to exercise ordinary care in the design, production (manufacture) and sale (marketing) of the hip prostheses.

28.    Defendants breached the duties they owed Plaintiff, failed to exercise ordinary care, and were negligent in the following particulars, among others:

(a)    designing, manufacturing, and marketing a hip prosthesis that is defective in that it has a high propensity of poor bone fixation to occur:

(b)    designing, manufacturing and marketing a hip prosthesis that is defective in that it has a high propensity for wear and fracture of the prostheses to occur;

(c)    failing to warn consumers in general, and Plaintiff or her physicians specifically, of the risk that the hip prostheses could become loose;

(d)    failing to adequately warn consumers in general and Plaintiff or her physicians specifically, of the risk that the hip prostheses could become loose;

(e)    failing to instruct consumers in general, and Plaintiff or her physicians specifically, of how the to safely use the hip prostheses;

(f)    failing to adequately instruct consumers in general, and Plaintiff or her physicians specifically, of how to safely use the hip prostheses; and,

(g)    as more particularly set forth below, Plaintiff invokes the doctrine of res ipsa loquitur.

**Res Ipsa Loquitur**

As each basis for application of res ipsa loquitur to this lawsuit, Plaintiff says:

29.    The character of the incident made the basis of this lawsuit was such that it would not ordinarily occur without negligence; and

8

30.   The hip prosthesis was under the management and control of Defendants.  Defendants were in control of the hip prostheses at the time that the negligence (inferable from the incident made the basis of this lawsuit) occurred, so that the reasonable probabilities point to the Defendant and support a reasonable inference that Defendants were the negligent party.

31.   Defendants have superior knowledge or means of information to determine the cause of the incident made the basis of this lawsuit.

32.   By reason of the above and foregoing circumstances, among others, the jury is permitted to infer Defendants' negligence.

## Texas Deceptive Trade Practices Act (DTPA)

For Texas Deceptive Trade Practices Act (DTPA) cause of action against Defendants, Plaintiff says:

33.   Plaintiff, or her physicians on her behalf, sought or acquired by purchase the hip prostheses.

### *False, Misleading, or Deceptive Act or Practice*

34.   Defendants used or employed one or more of the following deceptive acts or practices, among others:

(a)   representing that the hip prostheses had characteristics, ingredients, uses, or benefits it did not have;

(b)   failing to disclose information regarding the hip prostheses which was known at the time of the transaction with the intent to induce consumers in general, and Plaintiff or her physicians specifically, into a transaction consumers in general, and Plaintiff or her physicians specifically, would not have entered into if Defendants had disclosed the information.

9

35.   Plaintiff, or her physicians on her behalf, relied on the above representation, failure to disclose, or both, to Plaintiff's detriment.

**Breach of Warranty**

36.   Defendants breached one or more of the following express or implied warranties, among others:

   (a)      the implied warranty of merchantability

   (1)      Defendants sold the hip prosthesis to Plaintiff, or to her physician on her behalf;

   (2)      the hip prostheses were unmerchantable in being fit for their ordinary purposes. The hip prostheses lacked something necessary for adequacy in that they failed to accomplish the purposes for which they were manufactured, or in being construction in a manner that rendered them unreasonably dangerous.

**Producing Cause**

37.   The foregoing conduct was a producing cause of Plaintiff's injuries and damages, more particularly set forth below.

**Knowing Conduct**

38.   Defendant engaged in the foregoing conduct knowingly;

39.   Defendant was actually aware, at the time of the above conduct, of the falsity, deception, or unfairness of such conduct. Tex. Bus. & Comm Code §17.45 (9);

40.   Defendant was actually aware of the act, practice, condition, defect, or failure constituting the breach of warranty. Tex. Bus. & Comm Code §17.45 (9);

**Intentionally**

10

41.   Defendant engaged in the foregoing conduct intentionally.

42.   Defendant was actually aware of the falsity, deception, or unfairness of the above conduct or the condition, defect, or failure constituting a breach of warranty, and specifically intended that Plaintiff, or her physicians on her behalf, act in detrimental reliance on the falsity or deception or in detrimental ignorance of the unfairness Tex. Bus. & Comm Code §17.45 (13);

43.   Defendant acted with such flagrant disregard of prudent and fair business practices to the extent that the defendant should be treated as having acted intentionally. Tex. Bus. & Comm Code §17.45 (13)

*Application to Claims for Bodily Injury or Mental Anguish*

44.   The DTPA applies to claims for bodily injury and mental anguish to the extent set worth in § 17.50(b) and (h). Tex. Bus. & Comm. Code. §17.49(e).

45.   Section 17.50(b) of the Texas Business and Commerce Code provides, in pertinent part, as follows:

(b) In a suit filed under this section, each consumer who prevails may obtain:

(1) the amount of economic damages found by the trier of fact. If the trier of fact finds that the conduct of the defendant was committed knowingly, the consumer may also recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of economic damages; or if the trier of fact finds the conduct was committed intentionally, the consumer may recover damages for mental anguish, as found by the trier of fact, and the trier of fact may award not more than three times the amount of damages for mental anguish and economic damages;

Tex. Bus. & Comm. Code §17.50(b).

46.   Thus, Plaintiff may recover:

(a)   her economic damages;

11

(b)    Since the Defendants acted knowingly, damages for mental anguish and three times the amount of economic damages;

(c)    Since the Defendants acted intentionally, damage for mental anguish, three times the amount of economic damages, and three times the amount of damages for mental anguish.

47.    Section 17.45 (11) of the Texas Business and Commerce Code defines economic damages as follows:

> (11) "Economic damages" means compensatory damages for pecuniary loss, including costs of repair and replacement. The term does not include exemplary damages or damages for physical pain and mental anguish, loss of consortium, disfigurement, physical impairment, or loss of companionship and society.

Tex. Bus. & Comm. Code §17.45 (11).  Thus Plaintiff may recover for her pecuniary loss, including the costs of repairing or replacing the hip prostheses.

48.    Pecuniary loss includes money and everything that can be valued as money. *Kniep v. Unitedbank-Victoria*, 734 S.W.2d 130,134 (Tex. App.—Corpus Christi 1987, no writ).

49.    Under section 17.50(b), Plaintiff can also recover for mental anguish damages as well as discretionary damages, since Defendants engaged in the complained of conduct either knowingly or intentionally.

## Damages

50.    Plaintiff suffered sustained and incurred, and in reasonable medical probability will suffer, sustain ad incur, the following injuries and damages as producing or proximate result (or both) of Defendants conduct, the defective hip prostheses, or both, among others:

a.    physical pain, past and future;

b.    mental suffering, past and future;

c.    physical disfigurement in the past and future;

d.      physical impairment in the past and future;

e.      reasonable and necessary medical expenses in the past and future;

f.      loss of earnings/earning capacity, past and future;

g.      reasonable and necessary attorneys' fees; and,

h.      costs of court.

### Punitive Damages

As a basis for imposition of punitive damages on Defendants, Plaintiff says:

51.    Plaintiff intends to prove by clear and convincing evidence that her injuries and damages, more particulary set forth below, resulted from gross negligence.

52.    The conduct of Defendant when viewed objectively from the standpoint of Defendant at the time of its occurrence involved an extreme degree of risk, considering the probably and magnitude of the potential harm to others.

53.    Defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscience indifference to the right, safety, or welfare of others.

54.    The acts, omissions, or both, of Defendants that constituted gross negligence including one or more of the following, among others:

(a)     designing, manufacturing, and marketing hip prostheses that are defective in that it has a high propensity of poor bone fixation to occur:

(b)     designing, manufacturing and marketing a hip prosthesis that is defective in that it has a high propensity for wear and fracture of the prostheses to occur;

(c)     failing to warn consumers in general, and Plaintiff or her physicians specifically, of the risk that the hip prostheses could become loose;

13

(d)    failing to adequately warn consumers in general and Plaintiff or her physicians specifically, of the risk that the knee prostheses could become loose;

(e)    failing to instruct consumers in general, and Plaintiff or her physicians specifically, of how to safely use the hip prostheses;

(f)    failing to adequately instruct consumers in general, and Plaintiff or her physicians specifically, of how to safely use the hip prostheses; and,

(g)    as more particularly set forth below, Plaintiff invokes the doctrine of res ipsa loquitur.

There was a high probability that the hip prostheses would become loose, resulting in a probability of serious injury.

55.    Defendants knew of the above risk, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of consumers in general, and Plaintiff specifically.

## Jury Demand

56.    Plaintiff demands a jury trial.

## Request for Relief

57.    For these reasons, plaintiff requests judgment against defendants for:

a.    Compensatory damages in an amount above the minimum jurisdictional limits of the Court;

b.    Punitive or exemplary damages in an amount above the minimum jurisdictional limits of the Court;

c.    Pre-judgment interest according to Texas law;

d.    Post-judgment interest according to Texas law

e.    Costs of suit;

f.      Such other and further relief to which Plaintiff shows herself justly entitled to receive.

Respectfully submitted,

SMITH & SMITH

By: _____

Michael H. Smith
State Bar No. 00785005
Daniel J. Smith
State Bar No. 18557100
6300 Ridglea Place, Suite 617
Fort Worth, Texas 76116
(817) 877-5750
(817) 877-8899 (Fax)

ATTORNEYS FOR PLAINTIFF
GWENDOLYN LOPER

## SMITH & SMITH

ATTORNEYS AT LAW
6300 RIDGLEA PLACE, SUITE 617
FORT WORTH, TEXAS 76116
(817) 877-5750
(817) 877-8899 (Fax)

June 24, 2010

Thomas A. Wilder
District Clerk Civil Division
Tim Curry Justice Center
401 W. Belknap
Fort Worth, Texas 76196

**236   246337   10**

Re: Cause No._____*Gwendolyn Loper v. Zimmer, Inc.;*_____Judicial District Court,
Tarrant County, Texas

Dear Sir:

Enclosed please find an original and eight (8) copies of the following to be filed in the above-referenced matter:

1.      Plaintiff's Original Petition and Jury Demand.

Please issue citations to Zimmer US, Inc. (paragraph 6) and notify this office when the citation is available for pick-up and service. Please issue a citation for the remaining three defendants for service by and through the Texas Secretary of State as instructed within the petition paragraphs 3, 4, and 5). In addition, please return a file-stamped copy of the petition in the envelope provided. Enclosed please find our company check for $436.10 for one (1) filing fee at $249, four (4) citations at $8 per each, and three (3) service fees at $51.70 per each. In addition, I have enclosed three checks, each in the amount of $55, made payable to the Secretary of State.

Thank you for your cooperation in this matter. If you have any questions, please do not hesitate to call.

Sincerely,

*Michael H. Smith*

Michael H. Smith

MHS/sej
Encl.

<span>FILED
TARRANT COUNTY
2010 JUN 24 PM 1:45
THOMAS A. WILDER
DISTRICT CLERK</span>

__06/24/10__ (Date)
sent a copy of letter
To Doc prod __RK__ (initials).

# EXHIBIT 3

TARRANT COUNTY DISTRICT CLERK
OVERPAYMENT DISBURSEMENT REQUEST

CAUSE NUMBER          236-246337-10

TRANSACTION NUMBERS   11

DATE FUNDS RECEIVED   06/24/2010

METHOD OF PAYMENT     CHECK

AMOUNT TO BE REFUNDED $3.00

PAYEE                 MICHAEL H SMITH

ADDRESS OF PAYEE

      6300 RIDGLEA PL, STE 617

      FORT WORTH TX 76116

An overpayment of funds has been receipted in the cause number listed
above.  I have reviewed the case and determined that the overpayment
should be refunded to the payee listed.

_____          06/24/10
Deputy District Clerk            Date

_____          6/24/10
Manager                          Date

# EXHIBIT 4

## THE STATE OF TEXAS
### DISTRICT COURT, TARRANT COUNTY

*CITATION*                           *Cause No. 236-246337-10*

GWENDOLYN LOPER
VS.
ZIMMER, INC., ET AL

TO: ZIMMER US INC

B/S REG AGENT CORP SRV CO DBA CSC LAWYERS INC SRV 211 E 7TH ST STE 620 AUSTI
TX 78701-3218

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION AND
JURY DEMAND at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 236th District Court
,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

GWENDOLYN LOPER

Filed in said Court on June 24th, 2010 Against
ZIMMER INC, ZIMMER HOLDINGS INC, ZIMMER PRODUCTION INC, ZIMMER US INC

For suit, said suit being numbered 236-246337-10 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND  a copy of which accompanies this citation.

### MICHAEL H SMITH
Attorney for GWENDOLYN LOPER Phone No. (817)877-5750
Address      6300 RIDGLEA PL, STE 617 FORT WORTH, TX 76116

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 25th day of June, 2010.

By _____ Deputy
JUANITA VEGA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, FORT WORTH TX 76196-0402

---

### OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at
_____ within the county of _____, State of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within named (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION AND
JURY DEMAND, having first endorsed on same the date of delivery.

See Attached Return of Service

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy
Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
County of _____, State of _____

# 236th District Court of TARRANT County, Texas
401 W. BELKNAP FORT WORTH TX 76196-0228
# Case #: 23624633710

**GWENDOLYN LOPER**

*Plaintiff*
**vs**
**ZIMMER, INC. ET AL**

*Defendant*

## AFFIDAVIT OF SERVICE
*(Private Process)*

I, Floyd J Boudreaux, make statement to the fact;
That I am a competent person more than 18 years of age or older and not a party to
this action, nor interested in outcome of the suit.  That I received the documents
stated below on 06/29/10 11:03 am, instructing for same to be delivered upon Zimmer
Us Inc. By Delivering To Its Registered Agent Corporation Service Company.By
Delivering To Susan Vertrees Authorized To Accept.

That I delivered to       : **Zimmer Us Inc. By Delivering To Its Registered Agent Corporation
                            Service Company.By Delivering To Susan Vertrees Authorized To
                            Accept**

the following             : **CITATION & PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND**

at this address           : **211 E 7th St Ste 620
                            Austin TX 78701**

Manner of Delivery        : **by PERSONALLY delivering the document(s) to the person above.**

Date and time             : **June 30, 2010 11:20 am**

I SOLEMNLY AFFIRM under the penalties of perjury that the contents of the foregoing
paper are true and correct.
EXECUTED BY:

_____6-30-10_____          _____
Date                         Floyd J Boudreaux
                             Texas Certification#: SCH-3506

On this day Floyd J Boudreaux appeared before me, a notary public, and being duly
sworn by me stated that he/she has personal knowledge of the facts set forth in the
foregoing affidavit and declared that the facts contained therein are true and
correct.  Given my hand and seal of office this 30 day of June 2010 .

PCP Inv. #Z00600308
Private Process Server                    _____
Professional Civil Process Downtown       NOTARY PUBLIC FOR THE STATE OF TEXAS
2211 IH 35 South #203 Austin TX 78741
(512) 477-3501

AX02Z00600308                             AMY KEENEY
                        + Service Fee:  60.00    Notary Public, State of Texas
                          Witness Fee:    .00    My Commission Expires
                          Mileage Fee:    .00    August 30, 2010
jefferyc                SMITH, MICHAEL H.                              ®

**Professional Civil Process Downtown**
2211 IH 35 South #203
Austin TX 78741
(512) 477-3501

Thomas A. Wilder
District Clerk of TARRANT County          Cause# 23624633710
401 W. Belknap
Fort Worth, TX 76196-0402                 County TARRANT
                                          Court   236

RE: Return of service
Service on: **Zimmer Us Inc.**

GWENDOLYN LOPER
            VS
ZIMMER, INC. ET AL

Dear Thomas A. Wilder:

**Enclosed please find:**

_____  Original Petition and      copies.

_____  Motion and Order under Rule 103 or 106.

_____  Firm Check in the amount of                  .

**Please do the following:**

___X___  Enclosed are returns of service and/or Declaration of Not Found Affidavits.
         Please file back with the appropriate court.

_____  Please file 103 or 106 and send conformed copy in a self addressed
         stamped envelope.

_____  Issue Citation(s) on Defendant(s) and forward to the Sheriff/
         Constable for service, fees are enclosed for the service

_____  Open case/issue/reissue citation(s) on defendant(s) and forward
         the citation(s) back to our office.  Envelope is enclosed.

_____  Return (1) file stamped copy of Petition back to our office.
         Envelope is enclosed.

_____  Please forward back the Citation and Petition to our office and we
         will forward the papers to the Sheriff to serve. Envelope is enclosed.

**ATTN: DO NOT FORWARD TO ANOTHER COURT FOR FILING.**

Thank you for your attention in this matter. Any Questions Please call
me at (800) 950-7493

Sincerely,

Amy Keeney                                          Z00600308

# EXHIBIT 5

Cause Number 236-246337-1

GWENDOLYN LOPER
ZIMMER, INC., ET AL                         VS

## OFFICER'S RETURN

Received   this   ___Citation_____   on   the 25th day of   June, 201      at 10:29 AM; and   executed   at

_____
To and through the Secretary Of State, Statutory Documents Section, P.O. Box 1      9, Austin, Texas 78701-2079

within the county of _____ State of DE on the  30th       of June, 2010      by mailing to

the within named ___ZIMMER PRODUCTION INC_____   a true copy of this   Citation

together with the accompanying copy of:

___PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND_____

_____

_____

Authorized Person/Constable/Sheriff: Thomas A. Wilder
401 W BELKNAP
FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By _____ Deputy

Fees $  50.00          JUANITA VEGA

(Must be verified if served outside the State of Texas)

State of _____ County of _____

Signed and sworn to by the said _____   before    this _____

to certify which witness my hand and seal of office

FILED
TARRANT COUNTY
THOMAS A. WILDER
DISTRICT CLERK
2010 JUL -8  AM 8: 38

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Postage       $   1 7
Certified Fee      2  8
Return Receipt Fee
(Endorsement Required)   2  30
Restricted Delivery Fee
(Endorsement Required)   6  3

Total Postage & Fees   $
236-246337-10/Civil DP
Zimmer Production Inc
Sec State – Statutory Doc Sec
1019 Brazos – P.O. Box 1209
Austin, Tx 78701-

PS Form 3811, August 2001           Domestic Return Receipt

*23624633710000006*

236-246337-10/Civil DP
Zimmer Production Inc
Sec State – Statutory Doc Sec
1019 Brazos – P.O. Box 1209
Austin, Tx 78701-

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:        ☐ No

TPASS/CPA
JUN 3 0 2010

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered       ☑ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7010 0290 000  3391 9634

PS Form 3811, August 2001     Domestic Return Receipt    102595-02-M-1540

FILED
TARRANT COUNTY

2010 JUL -8  AM 8: 38

THOMAS A. WILDER
DISTRICT CLERK



THE STATE OF TEXA
DISTRICT COURT, TARRANT COUNTY

## CITATION

Cause No. 236-246337-10

GWENDOLYN LOPER
VS.
ZIMMER, INC., ET AL

To and through the Secretary Of State, Statutory Documents Section, 1019 Brazos , PO Box 12079, Austin TX 78701-207
TO: ZIMMER PRODUCTION INC

2711 CENTERVILLER ROAD SUIT 400 WILMINGTON, DE 19808-

SERVICE OF PROCESS MAY BE HAD UPON DEFENDANT BY DELIVERING TO THE SECRETARY OF ATE, OF THE STATE OF TEXAS, DUPLICATE

COPIES OF THIS CITATION TOGETHER WITH DUPLICATE COPIES OF THE PLAINTIFF'S PETIT  N ATTACHED HERETO.

You said DEFENDANT are hereby commanded to appear by filing a written answer to he PLAINTIFF'S ORIGINAL PETITION AND

JURY DEMAND at or before 10 o'clock A.M. of the Monday next after

the expiration of 20 days after the date of service hereof before the 236th Dis  ict Court

,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the City f Fort Worth, Tarrant County, Texa

said PLAINTIFF being

GWENDOLYN LOPER

Filed in said Court on June 24th, 2010 Against

ZIMMER INC, ZIMMER HOLDINGS INC, ZIMMER PRODUCTION INC, ZIMMER US INC

For suit, said suit being numbered 236-246337-10 the nature of which demand is  shown on said

PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND  a copy of which accompanies thi  itation.

MICHAEL H SMITH
Attorney for GWENDOLYN LOPEF  Phone No. (817)877-5750
Address     6300 RIDGLEA PL, ST  617 FORT WORTH, TX 76116

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant County Texas. Given under my hand and the seal

of said Court, at office in the City of Fort Worth, this the 25th day of June,  910.

By _____  _____ Deputy
                              JUA  TA VEGA

NOTICE: You have been sued. You may employ an attorney. If you or your attorne  do not file a written answer with the

clerk who issued this citation by 10:00 AM. on the Monday next following the e  iration of twenty days after you were

served this citation and petition, a default judgment may be taken against you

Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, F  RT WORTH TX 76196-0402

## OFFICER'S RETUR

Received this Citation on the _____ day of _____, ____ at _____ o'clock ___M; and executed at

_____ within the county of _____ ate of _____ at _____ o'clock ___M

on the _____ day of _____, _____ by delivering to the within n ed (Def.): _____

defendant(s), a true copy of this Citation together with the accompanying copy f PLAINTIFF'S ORIGINAL PETITION AND

JURY DEMAND, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____  _____

County of _____ State of_____ By ____  _____ Deputy

Fees $_____

State of _____ County of _____ (Must be  ified if served outside the State of Texas)

Signed and sworn to by the said _____ before n  this _____ day of _____, ____

to certify which witness my hand and seal of office

(Seal)

County of _____, St  e of _____

*CITATION*

Cause No. 236-246337-10

GWENDOLYN LOPER

VS.

ZIMMER, INC., ET AL

ISSUED

This 25th day of June, 2010

Thomas A. Wilder
Tarrant County District Clerk
401 W BELKNAP
FORT WORTH TX 76196-0402

By      JUANITA VEGA Deputy

MICHAEL H SMITH
Attorney for: GWENDOLYN LOPER
Phone No. (817)877-5750
ADDRESS: 6300 RIDGLEA PL, STE 617

FORT WORTH, TX 76116

*CIVIL LAW*

FILED
TARRANT COUNTY

2010 JUL -8  AM 8: 35

JUANITA A. WILDER
DISTRICT CLERK



*2362463371000000006*

# EXHIBIT 6

Cause Number 236-246337- 0

GWENDOLYN LOPER
ZIMMER, INC., ET AL                          VS

## OFFICER'S RETURN

Received  this    Citation                          on   the 25th day of June, 20        at 10:23 AM;  and  executed  at

To and through the Secretary Of State, Statutory Documents Section, P.O. Box 1      79, Austin, Texas 78701-2079

within the county of _____ State of DE on the 30th      y of June, 2010   by  mailing  to

the within named   ZIMMER HOLDINGS INC                  a true copy of this      Citation

together with the accompanying copy of:

PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

Authorized Person/Constable/Sheriff: Thomas A. Wilder
401 W BELKNAP
FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By _____ Deputy

Fees $  50.00            JUANITA VEGA

(Must be verified if served outside the State of Texas)

State of    TEXAS      County of   Tarrant

Signed and sworn to by the said   J. Mota Vega              before   this  7-8-10

to certify which witness my hand and seal of office

Tarrant, State of Texas

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com®

Postage   $   1.90
Certified Fee   2.80
Return Receipt Fee   2.30
(Endorsement Required)
Restricted Delivery Fee   .00
(Endorsement Required)
Total Postage & Fees   $

236-246337-10/CivilDP
Zimmer Holdings, Inc
Sec State – Statutory Doc Sec
1019 Brazos – P.O. Box 1209
Austin, Tx 78701-

*23624633710000005*

JUN 25 2010
USPS

JACK D. WATSON SMF 76161

PS Form 3800, August 2006

236-246337-10/Civil
Zimmer Holdings Inc
Sec State – Statutory Doc Sec
1019 Brazos – P.O. Box 1209
Austin, Tx 78701-

2. Article Number
(Transfer from service label)   7010 0  90 0001 3391 9627

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-1540

Complete items 1, 2, and 3. Also complete
item 4 if Restricted Delivery is desired.
Print your name and address on the reverse
so that we can return the card to you.
Attach this card to the back of the mailpiece,
or on the front if space permits.

A. Signature
X                                    ☐ Agent
                                     ☐ Addressee
B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

TPASS/CPA
JUN 30 2010

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☑ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

FILED
TARRANT COUNTY
2010 JUL -8 AM 8: 47
THOMAS A. WILDER
DISTRICT CLERK





FILED
TARRANT COUNTY
2010 JUL -8  AM 8: 47
THOMAS A. WILDER
DISTRICT CLERK

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

## CITATION

Cause No. 236-246337-10

GWENDOLYN LOPER

VS.

ZIMMER, INC., ET AL

To and through the Secretary Of State, Statutory Documents Section, 1019 Brazos St, PO Box 12079, Austin TX 78701-207
TO: ZIMMER HOLDINGS INC

2711 CENTERVILLE ROAD SUI   400 WILMINGTON, DE 19808-

SERVICE OF PROCESS MAY BE HAD UPON DEFENDANT BY DELIVERING TO THE SECRETARY O STATE, OF THE STATE OF TEXAS, DUPLICATE
COPIES OF THIS CITATION TOGETHER WITH DUPLICATE COPIES OF THE PLAINTIFF'S PET ION ATTACHED HERETO.
You said DEFENDANT are hereby commanded to appear by filing a written answer   the PLAINTIFF'S ORIGINAL PETITION AND
JURY DEMAND at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 236th D trict Court
,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the Ci of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

GWENDOLYN LOPER

Filed in said Court on June 24th, 2010 Against
ZIMMER INC, ZIMMER HOLDINGS INC, ZIMMER PRODUCTION INC, ZIMMER US INC

For suit, said suit being numbered 236-246337-10 the nature of which demand i as shown on said
PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND  a copy of which accompanies th citation.

MICHAEL H SMITH
Attorney for GWENDOLYN LOPE   Phone No. (817)877-3050
Address     6300 RIDGLEA PL, S E 617 FORT WORTH, TX 76116

_____ Thomas A. Wilder _____ , Clerk of the District Court of Tarrant Coun , Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 25th day of June 2010.

By _____  _____ Deputy
JU ITA VEGA

NOTICE: You have been sued. You may employ an attorney. If you or your attorn do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the piration of twenty days after you were
served this citation and petition, a default judgment may be taken against yo
Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP, RT WORTH TX 76196-0402

### OFFICER'S RETURN

Received this Citation on the _____ day of _____, ___ at _____ o'clock ___M; and executed at
_____ within the county of _____, ___ tate of _____ at _____ o'clock ___M
on the _____ day of _____, _____ by delivering to the within : med (Def.): _____
defendant(s), a true copy of this Citation together with the accompanying cop of PLAINTIFF'S ORIGINAL PETITION AND
JURY DEMAND, having first endorsed on same the date of delivery.

_____ Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By ____ _____ Deputy
Fees $_____
State of _____ County of _____ (Must be rified if served outside the State of Texas)
Signed and sworn to by the said _____ before this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
County of _____, S te of _____

# CITATION

Cause No. 236-246337-10

GWENDOLYN LOPER

VS.

ZIMMER, INC., ET AL

ISSUED

This 25th day of June, 2010

Thomas A. Wilder
Tarrant County District Clerk
401 W BELKNAP
FORT WORTH TX 76196-0402

By      JUANITA VEGA Deputy

MICHAEL H SMITH
Attorney for: GWENDOLYN LOPER
Phone No. (817)877-5750
ADDRESS: 6300 RIDGLEA PL, STE 617

FORT WORTH, TX 76116

*CIVIL LAW*

FILED
TARRANT COUNTY

2010 JUL -8 AM 8: 40

THOMAS A. WILDER
DISTRICT CLERK



*23624633710000005*

# EXHIBIT 7

Cause Number 236-246337- )

GWENDOLYN LOPER
ZIMMER, INC., ET AL                          VS


OFFICER'S RETURN


Received   this   _Citation_____   on   the 25th day of June, 20        at 10:30 AM; and   executed   at

To and through the Secretary Of State, Statutory Documents Section, P.O. Box 1    79, Austin, Texas 78701-2079

within the county of _____ State of IN on the 30th      y of June, 2010      by   mailing   to

the within named  ZIMMER INC _____   a true copy of this   Citation

together with the accompanying copy of:

PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND


Authorized Person/Constable/Sheriff: Thomas A. Wilder
401 W BELKNAP
FORT WORTH TX 76196-0402

County of Tarrant, State of Texas

By: _Linda Darrell_____ Deputy
LINDA DAVIDSON

Fees $  50.00

(Must be verified if served outside the State of Texas)

State of _TEXAS_  County of _Tarrant_

Signed and sworn to by the said  _LINDA DAVIDSON_  before  e this  _7-8-10_

to certify which witness my hand and seal of office

_____
Tarrant, State of Texas

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

Postage   $   1 73
Certified Fee   2 80
Return Receipt Fee
(Endorsement Required)   2 30
Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees   $   6 83

236-246337-10/Civil DP
Zimmer Inc
Sec State – Statutory Doc Sec
1019 Brazos – P.O. Box 1209
Austin, Tx 78701-

JUN 2    2010  Postmark Here   USPS

*23624633710000007*

236-246337-10/Civil DP
Zimmer Inc
Sec State – Statutory Doc Sec
1019 Brazos – P.O. Box 1209
Austin, Tx 78701-

A. Signature
X                                          ☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

TPASS/CPA
JUN 30 2010

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☑ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7010 0290 0   01 3391 9641

PS Form 3811, August 2001      Domestic Return Receipt      102595-02-M-1540





THE STATE OF TEXA  
DISTRICT COURT, TARRANT COUNTY

## CITATION

*Cause No. 236-246337-10*

GWENDOLYN LOPER

VS.

ZIMMER, INC., ET AL

To and through the Secretary Of State, Statutory Documents Section, 1019 Brazos t, PO Box 12079, Austin TX 78701-207

TO: ZIMMER INC

345 E MAIN ST WARSAW, IN 4 30-

SERVICE OF PROCESS MAY BE HAD UPON DEFENDANT BY DELIVERING TO THE SECRETARY OF TATE, OF THE STATE OF TEXAS, DUPLICATE COPIES OF THIS CITATION TOGETHER WITH DUPLICATE COPIES OF THE PLAINTIFF'S PETI ON ATTACHED HERETO.
You said DEFENDANT are hereby commanded to appear by filing a written answer t the PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 236th Di rict Court
,401 W BELKNAP, in and for Tarrant County, Texas, at the Courthouse in the Cit of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

GWENDOLYN LOPER

Filed in said Court on June 24th, 2010 Against
ZIMMER INC, ZIMMER HOLDINGS INC, ZIMMER PRODUCTION INC, ZIMMER US INC

For suit, said suit being numbered 236-246337-10 the nature of which demand is s shown on said
PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND  a copy of which accompanies thi citation.

MICHAEL H SMITH
Attorney for GWENDOLYN LOPE  Phone No. (817)877-5750
Address     6300 RIDGLEA PL, S  3 617 FORT WORTH, TX 76116

, Texas. Given under my hand and the seal
Thomas A. Wilder     , Clerk of the District Court of Tarrant Coun
of said Court, at office in the City of Fort Worth, this the 25th day of June 2010.

By_____  JU  ITA VEGA  _____ Deputy

NOTICE: You have been sued. You may employ an attorney. If you or your attorn  do not file a written answer with the
clerk who issued this citation by 10:00 AM. on the Monday next following the  piration of twenty days after you were
served this citation and petition, a default judgment may be taken against yo
Thomas A. Wilder, Tarrant County District Clerk, 401 W BELKNAP,  ORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the _____ day of _____, ____  . at _____ o'clock ___M; and executed at
_____ within the county of _____,  tate of _____ at _____ o'clock ___M
on the _____ day of _____, ____ by delivering to the within  med (Def.):
defendant(s), a true copy of this Citation together with the accompanying cop  of PLAINTIFF'S ORIGINAL PETITION AND
JURY DEMAND, having first endorsed on same the date of delivery.

Authorized Person/Constable/Sheriff: _____
County of _____ State of_____ By _____ Deputy

Fees $_____
State of _____ County of _____ (Must be  erified if served outside the State of Texas)
Signed and sworn to by the said _____ before  e this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
County of _____,  ate of _____

*CITATION*

Cause No. 236-246337-10

GWENDOLYN LOPER

VS.

ZIMMER, INC., ET AL

ISSUED

This 25th day of June, 2010

Thomas A. Wilder
Tarrant County District Clerk
401 W BELKNAP
FORT WORTH TX 76196-0402

By      JUANITA VEGA Deputy

FILED
TARRANT COUNTY

2010 JUL -8 AM 10: 43

THOMAS A. WILDER
DISTRICT CLERK

MICHAEL H SMITH
Attorney for: GWENDOLYN LOPER
Phone No. (817)877-5750
ADDRESS: 6300 RIDGLEA PL, STE 617

FORT WORTH, TX 76116

*CIVIL LAW*



*23624633710000007*

# EXHIBIT 8

NO. 236-246337-10

| | | |
|---|---|---|
| GWENDOLYN LOPER, | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| v. | § | |
| | § | TARRANT COUNTY, TEXAS |
| ZIMMER, INC., ZIMMER HOLDINGS, | § | |
| INC., ZIMMER US, INC. AND ZIMMER | § | |
| PRODUCTION, INC., | § | |
| | § | |
| DEFENDANTS. | § | 236TH JUDICIAL DISTRICT |

## DEFENDANTS' ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendants ZIMMER, INC., ZIMMER HOLDINGS, INC., ZIMMER US, INC. and ZIMMER PRODUCTION, INC., (hereinafter "Defendants") file their Original Answer to Plaintiff's Original Petition and would show as follows:

## I.
## GENERAL DENIAL

1. Defendants assert a general denial of the allegations of Plaintiff's pleadings, as authorized by TEXAS RULE OF CIVIL PROCEDURE 92, and respectfully request that Plaintiff be required to prove the charges and allegations against Defendants by a preponderance of the evidence, as is required by the Constitution and laws of the State of Texas.

## II.
## AFFIRMATIVE DEFENSES

2. Defendant Zimmer Holdings, Inc. is not a proper party to this lawsuit as it did not design, manufacture or distribute the products at issue.

3. Defendant Zimmer US, Inc. is not a proper party to this lawsuit as it did not design, manufacture or distribute the products at issue.

4.      Defendant Zimmer Production, Inc. is not a proper party to this lawsuit as it did not design, manufacture or distribute the products at issue.

5.      Defendants affirmatively plead the doctrines of contributory negligence, comparative responsibility, and proportionate responsibility.

6.      Under the facts, the Court should instruct the jury on sole, new and independent, superseding and/or intervening proximate and/or producing cause.

7.      Defendants assert their rights of contribution and indemnity under Texas law with respect to any settling person, responsible party or tortfeasor. *See* Chapter 33 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

8.      Defendants invoke all protections contained within Chapter 41 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE. As a consequence:

a.      Plaintiff may not be awarded exemplary damages unless she establishes by clear and convincing evidence that Defendants acted with malice, which Defendants deny. TEX. CIV. PRAC. & REM. CODE ANN. § 41.003. Defendants further request that the jury be instructed as required by TEXAS CIVIL PRACTICE & REMEDIES CODE § 41.012 with respect to any claim for exemplary damages, assuming such a claim should be submitted to the jury, which Defendants deny.

b.      In the unlikely event of any exemplary damage award, Defendants further invoke the provisions of TEXAS CIVIL PRACTICE & REMEDIES CODE § 41.008 limiting any award of exemplary damages to either $200,000.00 or two times the amount of "economic damages," as defined by statute, plus an amount equal to any non-economic damages found by the jury, but not to exceed $750,000.00.

9.      If the Plaintiff sustained injuries or incurred expenses as alleged, her injuries or expenses were caused in whole or in part by the conduct of one or more persons or entities for whose conduct Defendants were not responsible and with whom Defendants have no legal connection.

10.     Any amount that Plaintiff claims as compensatory damages, if the claims for such amounts are not entirely barred, must be diminished proportionately by the fault of Plaintiff and the fault of all others who caused or contributed to cause the harm.

11.     If the Plaintiff sustained injuries or incurred expenses as alleged, her injuries or expenses were the result of intervening and/or superseding causes, and not as a result of Defendants' acts or omissions.

12.     The Plaintiff cannot recover under the Petition because Defendants complied with all applicable codes, standards, regulations, or specifications established, adopted, promulgated, or approved by the United States, State of Texas, or by an agency of the United States or Texas.

13.     The Plaintiff's claims are barred by virtue of the intervention of a learned intermediary or intermediaries to whom Defendants discharged their duty to warn.

14.     The Plaintiff assumed the risk of any damages alleged in the Petition.

15.     If the Plaintiff sustained injuries or incurred expenses as alleged, her injuries or expenses were caused by a misuse and/or modification or alteration of the products, and the misuse and/or modification or alteration was not reasonably expected by Defendants.

16.     The Plaintiff cannot recover under the Petition because products at issue were in conformity with the generally recognized state of the art at the time they were designed, manufactured, packaged, and labeled.

17.     The products at issue are prescription medical devices that are reasonably safe because reasonable health care providers prescribe the devices for a class of patients, knowing the devices' foreseeable risks and therapeutic benefits.

18.     The products in question are medical devices and thus governed by the provisions of the Texas Product Liability Act.  TEX. CIV. PRAC. & REM. CODE § 82 (the "Act").  Defendants are entitled to all applicable presumptions and defenses under the Act.

19.     Plaintiff's claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of any of the products in question within the meaning of comment to Section 402A of the Restatement (Second) of Torts.

20.     Plaintiff's claims under the Texas Deceptive Trade Practices Act are barred in whole or in part because of the exemption contained in Section 17.49(e) of the TEXAS BUSINESS AND COMMERCE CODE.

21.     Defendants assert the products at issue are neither defective nor unreasonably dangerous because they are products which falls within the "comment k exception" to strict tort liability defined in Section 402A of the Restatement (Second) of Torts.

22.     Unless Defendants' alleged liability for punitive damages and the appropriate amount of punitive damages is required to be established by clear and convincing evidence, any award of punitive damages would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Texas Constitution, and would be improper under the common law and public policies of the State of Texas.

23.     Plaintiff's claim for punitive damages against Defendants cannot be sustained, because an award of punitive damages under Texas law subject to no predetermined limit, such

as a maximum multiple amount of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose, would violate Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Texas Constitution and would be improper under the common law and public policies of the State of Texas.

24.  Plaintiff's claim for punitive damages against Defendants further cannot be sustained because an award of punitive damages under applicable law by a jury that (1) is not provided standards of sufficient clarity for determining the appropriateness, and the appropriate size, of a punitive damages award, (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of discriminatory characteristics, including the residence, wealth, and corporate status of Defendants, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of objective standards, would violate Defendants' due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process and equal protection provisions of the Texas Constitution and would be improper under the common law and public policies of the State of Texas.

25.     Plaintiff's claims are pre-empted, in whole or in part, by federal laws and regulations, including, without limitation, those governing the labeling, advertisement and sale of medical devices.

26.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of estoppel, unclean hands, waiver and regulatory compliance.

27.     Plaintiff's claims may be barred, in whole or in part, by the doctrines of res judicata, collateral estoppel, issue preclusion and/or claim preclusion.

28.     Plaintiff failed to properly mitigate her damages, if any.

29.     Plaintiff's injuries, if any, were caused or enhanced by a preexisting medical, genetic, and/or environmental condition of Plaintiff unrelated to the products at issue in this case.

30.     There is no causal relationship between the acts alleged and the damages alleged.

31.     The benefits of the products at issue outweigh the risks, if any, which may be attendant to their use.

32.     To the extent Plaintiff is seeking recovery for benefits entitled to be received or actually received from any other source for injuries alleged in the Petition, such benefits are not recoverable in this action.

33.     To the extent Plaintiff relies upon any theory of breach of warranty, Plaintiff did not rely on such warranties and the claims are otherwise barred for lack of timely notice, lack of privity and/or because the alleged warranties were disclaimed.

34.     Plaintiff cannot recover mental anguish damages because Plaintiff's claim is for bodily injury and Defendants did not act knowingly or intentionally.

35.    Defendants reserve the right to assert any other additional or affirmative defenses and claims of avoidance as may be appropriate based upon the facts and issues disclosed during the course of additional investigation and discovery.

### III.
### JURY DEMAND

36.    Defendants request a trial by jury as is their right under the laws of Texas.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request that Plaintiff take nothing and that all costs of court be taxed against Plaintiff. Defendants further request all such other relief to which they may be entitled.

Respectfully submitted,

FULBRIGHT & JAWORSKI L.L.P.

KATHERINE P. LETT
State Bar No.  24007548
2200 Ross Avenue, Suite 2800
Dallas, Texas  75201-2784
Telephone:  214.855.8000
Facsimile: 214.855.8200

**COUNSEL FOR DEFENDANTS ZIMMER, INC., ZIMMER HOLDINGS, INC., ZIMMER US, INC. AND ZIMMER PRODUCTION, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that this document was served on the following counsel of record pursuant to the Texas Rules of Civil Procedure on July **23**, 2010:

> **Michael H. Smith**
> **Daniel J. Smith**
> **Smith & Smith**
> **6300 Ridglea Place, Suite 617**
> **Fort Worth, Texas 76116**
> **(817) 877-5750**
> **(817) 877-8899 (fax)**
> **Attorneys for Plaintiff**
> **Gwendolyn Loper**

_____

Katherine P. Lett